IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION
FILED
November 23, 2005
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 7:02-CR-004-R |
| | § | |
| 2917 N. 41st AVENUE, | § | |
| MINNEAPOLIS, MINNESOTA | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

This case involves Petitioner Roberto Serna's ("Petitioner") claim to property seized pursuant to 21 U.S.C. § 853 after his son, Roberto Sernas ("Sernas"), pleaded guilty to Count 1 of Criminal No. 7:02-CR-004 on October 25, 2002. The Court entered a Preliminary Order of Forfeiture on December 3, 2002 in accordance with 21 U.S.C. §§ 841(a)(1), 846, 853(a), and Fed. R. Crim. P. 32.2(b), forfeiting fifteen items of real and personal property subject to 21 U.S.C. § 853, including the residence located at 2917 N. 41st Avenue, Minneapolis, Minnesota. On March 26, 2004, the Court ordered Sernas to forfeit the same fifteen items of property listed in its Preliminary Order. On December 10, 2004, the Court entered an Agreed Final Order forfeiting six items of real and personal property subject to 21 U.S.C. § 853, and returning eight items to various petitioners. The December Order excluded the residence located at 2917 N. 41st Avenue,

**Findings of Fact and Conclusions of Law - Page 1**

Minneapolis, Minnesota.

On February 24, 2003, Serna filed a Petition to Adjudicate Interest in Property Listed in Preliminary Order of Forfeiture regarding the residence located at 2917 N. 41st Avenue, Minneapolis, Minnesota. This third party ancillary claim came before the Court for a day-long evidentiary hearing on September 19, 2005. The Court, having received and considered the evidence presented and having heard the testimony of witnesses and the argument of counsel, hereby renders the following Findings of Fact and Conclusions of Law, as permitted by Rule 52(a) of the Federal Rules of Civil Procedure:

I. FINDINGS OF FACT

1. Two witnesses testified in the trial - Claimant and Jesus Dominguez, Claimant's son-in-law.

2. Eight items were offered by the government and admitted into evidence by the Court:

    GEX 1 - The first page of an offense report from the Hennepin County Sheriff's Department regarding the execution of a narcotics search warrant listing Sernas on November 26, 1986;

    GEX 2 - Petitioner's deposition taken February 19, 2004;

    GEX 3 - The Factual Resume of Sernas, filed October 25, 2002;

    GEX 4 - Petitioner's Resident Alien Card, expiration date February 7, 2007;

    GEX 5 - The Contract for Deed for 2917 N. 41st Avenue, dated July 16, 1985 and signed by Petitioner, showing Paid in Full;

    GEX 6 - The Purchase Agreement for 2917 N. 41st Avenue, dated July 11, 1985 and signed by Petitioner, showing Paid in Full;

      GEX 7 - The Deed for 2917 N. 41st Avenue, filed May 20, 1986 and unsigned by Petitioner; and

      GEX 8 - Plea Agreement of Sernas, filed October 25, 2002.

3. One item was offered by Petitioner and admitted into evidence:

      PEX 1 - The Certificate of Real Estate Value for 2917 N. 41st Avenue, dated July 16, 1985 and signed by Petitioner.

4. The Court found Petitioner and Dominguez to be truthful witnesses and found their testimony credible. Therefore, based on the evidence and testimony, the Court finds the following:

    a. Petitioner, age 71, is a resident of Mexico. He is currently married and has five adult children.

    b. Petitioner purchased 2917 N. 41st Avenue, Minneapolis, Minnesota, in July 1985 for $40,000. Petitioner put down $15,000 and paid the balance of $25,000 pursuant to a Contract for Deed.

    c. Petitioner earned the original down payment of $15,000 as a migrant worker in the United States. He obtained the balance through proceeds from the sale of a grocery store and livestock in Mexico.

    d. Petitioner bought the house with the intent to retire there with his wife, as the residence was located near family in Minnesota. Therefore, after purchasing the house, Petitioner entrusted his three daughters, Estella, Rufina, and Clementina (collectively, "Petitioner's daughters") to live in and maintain the residence.

    e.        Petitioner's daughters lived in the house until approximately 1993. While living in the house, Petitioner's daughters were responsible for maintaining the house, as well as paying taxes, utilities, and maintaining insurance on the home. Petitioner remained was resident of Mexico during that time and was unaware of the details involving his daughters' household duties.

    g.        After Petitioner's daughters moved out of the home, Sernas became responsible for the care, maintenance, and upkeep of the home at his father's request. Once again, while his son was in charge of the house, Petitioner remained in Mexico and was unaware of the details involved in maintaining the home. He was also unaware of any illegal activities which might have occurred in the home.

    i.        GEX 5-7 are evidence that Petitioner paid valuable consideration for the property located at 2917 N. 41st Avenue.

    j.        The Government provided no testimony outside of subjective opinion to establish that the three signatures on GEX 5-7 are not the same as the signature on GEX 4.

## II. CONCLUSIONS OF LAW

5.       Pursuant to 21 U.S.C. § 853, Serna must establish by a preponderance of evidence that either (1) he has a legal interest in the property or (2) he was a bona fide

      purchaser of the property at issue and was at the time of purchase without cause to believe that the property would be subject to forfeiture. 21 U.S.C. § 853(n)(6)(b).

6. The Court must liberally construe the provisions of § 853 to effectuate its purpose, which, in part, is to protect innocent third parties from the loss of property caused by the bad acts of others. *See, e.g., United States v. Chavez*, 323 F.3d 1216, 1219 (9th Cir. 2003) (noting that because 21 U.S.C. § 853 acts *in personam*, it permits the forfeiture of the defendant's interests only, not the property of innocent parties).

7. Whether a petitioner is a bona fide purchaser is determined under state law, or "by the instruments and the documents that created the defendant's interest in the property. . ." *United States v. Smith*, 966 F.2d 1045, 1054 (6th Cir. 1992)*; see also United States v. Frykhom*, 362 F.3d 413, 416 (7th Cir. 2004)*; United States v. Harris*, 246 F.3d 566, 571 (6th Cir. 2001). Under Minnesota law, a bona fide purchaser is one who "gives consideration without actual, implied, or constructive notice of any inconsistent, outstanding rights of others." *Miller v. Hennen*, 438 N.W.2d 366, 369 (Minn. 1989).

8. In addition to the hearing testimony from Serna and his brother-in-law, Petitioner offers the following as an indicia of ownership: (1) The Contract Deed signed by Petitioner and paid in full; (2) The Purchase Agreement signed by Petitioner and paid if full; (3) The Deed for the property, unsigned; and (4) the Certificate of Real Estate.

7. Based on its Findings of Fact, the Court concludes the Petitioner has established by

**Findings of Fact and Conclusions of Law - Page 5**

a preponderance of the evidence that he is the bona fide purchaser of the property at 2917 N. 41st Avenue and, at the time of purchase, was unaware that the property was or would be subject to forfeiture pursuant to 21 U.S.C. § 853(n)(6)(a)-(b).

III. CONCLUSION

For the reasons stated above, the Court GRANTS

It is so **ORDERED.**
**SIGNED: November 23, 2005**

_____
**JUDGE JERRY BUCHMEYER**
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**